UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CAL'S PARTY STORE &
DELI, INC., a Michigan corporation,

    Plaintiff,

                                    Civil No. 07-10871
                                    Hon. John Feikens

    v.

MIKE JOHANNS, Secretary, United
States Department of Agriculture,

    Defendant.
_____/


**OPINION AND ORDER**

      Plaintiff Cal's Party Store ("Party Store") filed this action asking for de novo review of a decision by the United States Department of Agriculture ("USDA") Food and Nutrition Service ("FNS") to permanently disqualify Party Store from participation in the federal Food Stamps Program ("FSP").  Defendant has brought a motion to dismiss for failure to comply with discovery.  For the reasons set forth below, I GRANT Defendant's motion and dismiss this case.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      In late 2005, Defendant began investigating FSP activity at Party Store.  On June 9, 2006, Defendant issued Party Store a letter charging it with "trafficking" in food stamps.  The owner of Party Store, Calvin West ("West"), appeared with counsel at the USDA FNS Detroit Field Office, on June 20, 2006, to refute the charges and provide Defendant with additional

1

documents. On June 21, 2006, Defendant informed Party Store by letter that the charges against it had been confirmed and Party Store was permanently disqualified from the federal FSP. Party Store requested an administrative review and on October 16, 2007, the USDA upheld the decision from the Detroit Field Office.

On November 17, 2006, Party Store filed suit against Defendant in Washtenaw County Circuit Court for the State of Michigan asking for de novo review of the administrative decision. The action was removed to federal court and a scheduling order was issued on April 4, 2007, setting the discovery deadline for October 15, 2007. Defendant served Party Store with a discovery request on April 27, 2007. After the deadline for producing the requested discovery had passed, Defendant contacted Party Store and was told that Party Store needed more time to respond to the discovery requests. Defendant agreed to give Party Store until June 6, 2007. Party Store did not respond to Defendant's discovery requests by that date. Defendant then wrote to Party Store seeking a stipulated order compelling Party Store to respond to Defendant's discovery requests. Party Store agreed to so stipulate and I entered a stipulated order on July 24, 2007 compelling Party Store to fully respond to Defendant's discovery requests by August 6, 2007.

Party Store did not respond to Defendant's discovery request by August 6, 2007 and, on August 16, 2007, Defendant brought the motion to dismiss for failure to comply with discovery that is currently before me. Party Store responded to Defendant's motion with a claim that the documents it needed were in the possession of its accountant, who had fallen behind in his practice due to a slow recovery from open heart surgery. Party Store's response also contained an assurance that all responsive documents in the care of Party Store's accountant would be

promptly submitted to Defendant.

I scheduled a hearing on this motion for October 11, 2007. Party Store, who had still not responded to Defendant's discovery requests, provided Defendant with a stack of documents moments before the hearing was to scheduled to begin. In lieu of a formal hearing, I met with counsel for both parties in my chambers. I granted Party Store two weeks, until October 25, 2007 at 10:00 AM, to respond fully to Defendant's requests for discovery and warned Party Store that if it did not respond in full, I would grant Defendant's pending motion and dismiss the case. Defendant reviewed the documents that Party Store provided on October 11, 2007 and found that most were not responsive to Defendant's discovery requests. The October 25, 2007 deadline has passed and Party Store has not provided Defendant with any additional documents and has failed to respond to most of Defendant's discovery requests.

## II. ANALYSIS

Fed. R. Civ. P. 37 (b)(2) provides that "[i]f a party...fails to obey an order to provide or permit discovery...the court in which the action is pending may [enter]...(C) an order...dismissing the action or proceeding or any part thereof, or rendering judgment by default against the disobedient party." The Sixth Circuit has identified four factors that should be considered in determine whether to dismiss a case under Rule 37: (1) whether the party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault; (2) whether the party's adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990).

**A. Wilfulness, Bad Faith, or Fault**

The first factor that should be considered is whether Party Store's failure to cooperate in discovery was due to wilfulness, bad faith, or fault. "A wilful violation occurs whenever there is a conscious and intentional failure to comply with a court order." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995) (citing Brookdale Mill, Inc. v. Rowley, 218 F.2d 728, 729 (6th Cir. 1954). In this case, Party Store failed to provide discovery by the date set forth in Fed. R. Civ. P. 34(b), failed to provide discovery by the extended deadline agreed to by the parties, failed to provide discovery by the date set in the stipulated order, and failed to respond fully to Defendant's discovery requests by the deadline I set with the parties. The decision to repeatedly ignore discovery deadlines rises to the level of conscious and intentional failure to cooperate in discovery. I find, therefore, that the first factor in the Abbe Test weighs in favor of dismissing this action.

**B. Prejudiced by the Party's Failure to Cooperate in Discovery**

The second factor in the Abbe Test is whether Defendant has been prejudiced by Party Store's failure to comply with discovery. On April 4, 2007, a scheduling order was entered for this matter setting the discovery deadline for October 15, 2007. On April 27, 2007, Defendant served Party Store with a set of discovery requests. Defendant has essentially spent the entire discovery period seeking responses to its initial discovery requests and, although the discovery period is now closed, most of these requests remain unanswered. Because Party Store's actions have kept Defendant from conducting necessary discovery, I find that the second factor also favors dismissing this action.

### C. Warned that Failure to Cooperate Would Lead to Dismissal

The third factor is whether Party Store was warned that failure to cooperate in discovery could lead to dismissal. On October 11, 2007, I met with counsel for both parties in my chambers and warned Party Store that if it did not respond fully to Defendant's discovery requests by October 25, 2007 at 10:00 AM, I would grant Defendant's pending motion and dismiss this case. Party Store was adequately warned that failure to cooperate with discovery would lead to dismissal of its case.

### D. Consideration of Less Drastic Sanctions

The forth factor is whether the court considered less drastic sanctions. I do not believe that anything less than dismissal of this action will adequately punish Party Store for its failure to cooperate in discovery or deter future litigants from this type of conduct. See National Hockey League v. Metropolitan Hickey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (The option to dismiss cases under Rule 37 "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who may be tempted to such conduct in the absence of a deterrent.")

Having considered the four Abbe Test factors, I find that due to Party Store's failure to cooperate in discovery, dismissal under Fed. R. Civ. P 37 (b)(2) is appropriate.

### III. CONCLUSION

For the reasons set forth above, I GRANT Defendant's motion to dismiss for failure to comply with discovery.

**IT IS SO ORDERED.**

Date:   October 30, 2007            s/John Feikens
                                    United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on October 30, 2007, by U.S. first class mail or electronic means.
>
>                    s/Carol Cohron
>                    Case Manager